#### ALFRED AND OTHERS v. WATKINS AND OTHERS.

Although the several parties to a bill or note may be sued in one action, yet their being so sued does not make them jointly liable.

Where the makers and several indorsers of a note are sued in one action, an answer by the makers will not enure as an answer of the indorsers, nor will the answer of one of several indorsers enure as an answer of the other or others.

If in such an action the complaint be verified, and the several indorsers make a joint answer, the answer must be verified by or on behalf of each indorser.

An answer which is so framed that it does not set up a valid defense, but which states facts which may, by being properly averred, constitute a defense, will not be struck out as sham, irrelevant, or frivolous.

THE material facts appear by the opinion :

*The Circuit Judge:* There is no ground for impeaching the judgment for irregularity. No notice of appearance having been given for all the defendants it was not necessary to give any notice of the adjustment of the costs.

The answer put in was an answer for the makers of the note only. The plaintiffs are allowed by the statute, for convenience sake, to sue all the parties to the note in one action, but that by no means makes them jointly liable — that depends on the nature of the contract and not upon the form of

the action.   The two Watkins being jointly liable, an answer put in by one might answer for both; but the other three defendants are severally liable, and though they may have the same ground of defense they must interpose it severally, or at least, if put in jointly, they must severally swear to it; for it by no means follows that because a drawer may have a good defense to a note, that an indorser has.   The answer put in, therefore, was only the answer of Watkins, because it was not verified by either of the other defendants.

Though there is no irregularity, still the defendants might be let in to defend if it appeared that they had a defense, but the facts averred in the answer do not constitute a defense.   It is merely averred that when the goods arrived in California they were found to be inferior, etc., and the affidavits show in what that inferiority consists.   If all this be so it does not necessarily constitute a defense — for the sale and delivery by the plaintiffs was in New York, and it is nowhere averred that when the goods were delivered here they were inferior.   Yet such must be the averment to constitute a defense.

But, again, the defense relates, as specified in the affidavits, to a few oxbows only, amounting, at most, to $250, yet defendants seek not to recoup the damages, but entirely to defeat the plaintiffs' claim even for over $6,000 worth of property delivered, in respect to which no complaint is made.

The merits, therefore, are altogether against the defendants, and, as there is no irregularity, their motion to set aside the judgment must be denied, but that must be without prejudice to any proper motion they may hereafter be advised to make as to the partial defense springing from the oxbows, which, as I understand the papers, is the only defense they set up.

The motion to strike out the answer as sham, irrelevant, or frivolous, must also be denied.   The facts set out in the answer do not constitute a valid defense, but they might be made to do so by proper averments.   And the real objection to the answer is not that it is sham, irrelevant, or frivolous, but that it is so framed as to be demurrable for defect in substance.

The costs of both motions must abide the event.